IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACKIE LEE BOYD, ) | | |
|     ID # 1263639, ) | | |
|         Petitioner, ) | | |
| vs. ) | No. 3:06-CV-1961-P (BH) | |
| ) | | |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge | |
| Texas Department of Criminal ) | | |
| Justice, Correctional Institutions Division, ) | | |
|         Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a September 22, 2004, conviction for retaliation in Cause No. F03-40675-VM. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

In May of 2003, the State indicted petitioner for retaliation. (Trial Transcript at 2). After petitioner pled not guilty to the charged offense and not true to the two enhancement paragraphs, on September 21-23, 2004, he was tried before a jury. *Id.* at 37. The jury found him guilty, found the two enhancement paragraphs to be true, and sentenced him to forty years. *Id.*

The state appellate court recounted the evidence presented at trial as follows:

> On April 16, 2003, Eric Harris, a Yellow Cab Company driver, picked up appellant and another man near Fair Park. Appellant, speaking with a Jamaican accent, said the other man was his father and appellant wanted to go to his job in Mesquite to pick up his check. Appellant said he would pay the fare when he got his check. Harris drove the men to Ronnie Mac Auto in Mesquite. Appellant went inside the building and the other man stayed in the cab. Appellant returned to the cab a short time later without a check or money to pay the fare. Appellant said he could pay Harris after appellant went to another building to get the money. Harris drove appellant and the other man to a building across the street. Appellant went inside the building while the other man remained in the cab. After waiting in his cab for ten minutes, Harris went inside the building. Harris saw appellant talking to a woman at the counter, then appellant walked away from the woman. Harris asked the woman if she was going to pay the cab fare. She said no. Harris used the woman's telephone to call the police, then returned to the cab. Appellant told Harris that he was not getting back into the cab, then appellant walked away. The other man got out of the cab and also walked away. Harris followed appellant in his cab. Harris testified than when the police arrived, he saw them arrest appellant.
>
> Mesquite police officer Ronald Parker had received a dispatch call that a cab driver had dropped someone off at Ronnie Mac Auto and the person had left the location without paying. When Parker arrived at the scene, he saw a cab following appellant. Parker stopped and talked to appellant. Appellant spoke with a Jamaican accent and stated that he was trying to get some money to pay the cab driver. Appellant gave Parker a photo-identification card bearing the name of "Kevin Clements." Parker testified the photograph on the card did not match appellant. Parker questioned appellant about the identification, and appellant said his name was "Calvin Clements." Parker searched appellant for weapons and found folded papers in appellant's back pocket that had the name "Jackie Boyd" on them. The papers listed an address that was about three blocks from Ronnie Mac Auto. Appellant stated he was holding the papers for a friend. Parker arrested appellant for theft of service under fifty dollars. Parker testified he explained to appellant that ordinarily he would issue a Class C misdemeanor citation to someone who produced proper identification. However, because appellant failed to identify himself and insisted his name was Calvin Clements, despite the

> conflicting identification papers found on appellant's person, appellant would have to go to the jail and be fingerprinted. At the jail, Parker learned appellant's true name. When Parker told appellant that he knew appellant's true name, appellant immediately became belligerent and stopped speaking with a Jamaican accent. Appellant became angry and said, "I'm going to find that cab driver and kick his ass. I know where he lives in South Dallas. Whenever I get out, I'm going to beat that cab driver's ass."

*Boyd v. State*, No. 05-04-01470-CR (Tex. App.–Dallas, July 26, 2005, pet. ref'd).

In his direct appeal, petitioner challenged the legal and factual sufficiency of the evidence. The Fifth District Court of Appeals affirmed petitioner's conviction in an unpublished opinion. *Id*. On March 22, 2006, petitioner filed a state application for writ of habeas corpus in which he asserted that his conviction was obtained by the use of a coerced confession, that his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure, and that the evidence was insufficient to support his conviction. (State Habeas Transcript at 7-9). The Court of Criminal Appeals denied petitioner's state application without written order on the findings of the trial court without an evidentiary hearing. *Ex parte Boyd*, No. 64,721-01 (Tex. Crim. App. May 24, 2006). Petitioner filed a subsequent state application for writ of habeas corpus on June 20, 2006, in which he asserted that his trial and appellate counsel were ineffective. This application was dismissed by the Court of Criminal Appeals for abuse of the writ. *Ex parte Boyd*, No. 64,721-02 (Tex. Crim. App. Sept. 27, 2006).

On October 24, 2006, petitioner filed the instant petition for federal habeas relief. Respondent filed an answer on March 8, 2007, (*see* Answer), and provided the state-court records. Petitioner filed a reply on March 19, 2007, (*see* Reply).

**A. Substantive Issues**

Petitioner asserts that: (1) during the guilt phase of his trial, petitioner's jail cell was illegally searched resulting in the discovery of narcotics and a weapon, evidence of which was admitted into evidence at trial; (2) trial counsel provided ineffective assistance of counsel by failing to raise a Fourth Amendment violation objection regarding the search of the jail cell; and (3) his appellate counsel provided ineffective assistance of counsel by failing to challenge on appeal the search of the jail cell. Petitioner also requests an evidentiary hearing.

**B. Exhaustion**

Respondent alleges that petitioner has failed to exhaust his second and third claims for relief at the state level.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> > (2) resulted in a decision that was based on an unreasonable deter-

4

mination of the facts in light of the evidence presented in the State court
proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'un-

5

reasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. ILLEGAL SEARCH AND SEIZURE

In his first claim, petitioner argues that his Fourth Amendment rights were violated when his cell in the Dallas County jail was searched, evidence was seized from the cell, and testimony regarding the search and seizure were admitted into evidence at his trial. In particular, through the testimony of a detention officer from Dallas County jail, evidence was admitted at the punishment phase of petitioner's trial that medication not belonging to petitioner was found hidden near the light in petitioner's jail cell, and two shanks were found underneath the toilet. (R. 4:32-43). Respondent asserts that this claim is not cognizable on habeas review.

In *Stone v. Powell*, 428 U.S. 465, 482 (1976), the Supreme Court held that a claim that evidence was admitted into evidence at trial pursuant to an unconstitutional search and seizure cannot be a basis for federal habeas relief if the state had provided the opportunity for a full and fair litigation of the Fourth Amendment claim. A full and fair hearing contemplates that where there are factual disputes, the matter must be considered by the original fact-finding court, and there must be meaningful appellate review available even if unused. *See Davis v. Blackburn*, 803 F.2d 807, 808

(5th Cir. 1986). The Fifth Circuit has further stated that a Fourth Amendment claim has been fully and fairly litigated in state court where the material facts were adequately developed in state court, and there is no undeveloped evidence sufficient to call into question the reliability of the state court's determination. *Andrews v. Collins*, 21 F.3d 612, 631 (5th Cir. 1994); *Streetman v. Lynaugh*, 812 F.2d 950, 958 (5th Cir. 1987).

In this case, no Fourth Amendment objection was raised at trial. Petitioner did, however, raise this issue in his first state writ, and it was denied on its merits. (SHTr.:7, 26). Thus, the state court denied this constitutional claim, and petitioner has shown no factual dispute that would call into question the reliability of this decision. Under *Stone v. Powell*, petitioner's Fourth Amendment claim cannot be a basis for relief.

Furthermore, even were this Court to consider this claim on its merits, it fails. The Supreme Court has held that a prisoner has no Fourth Amendment expectation of privacy in his cell. *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Moreover, a shakedown search of a pretrial detainee's cell does not violate the Fourth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 557 (1979). The search of petitioner's cell in the Dallas County jail by a detention officer and subsequent seizure of items retrieved from the cell did not violate petitioner's Fourth Amendment rights. Petitioner's first ground for relief is without merit, and it should be denied.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In second and third grounds for relief, petitioner asserts that he received ineffective assistance of counsel at trial and on appeal because counsel at trial failed to object that the evidence discovered in petitioner's jail cell that was admitted into evidence at the punishment phase of trial was discovered as a result of an illegal search and seizure under the Fourth Amendment and because

7

counsel on appeal failed to raise this as an issue. Respondent contends that these claims are procedurally barred.

Procedural default occurs when a petitioner fails to exhaust all available state remedies *and* the state court to which he would be required to petition would now find that the claim is procedurally defaulted. *Bledsoe v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999). Were petitioner's unexhausted claims now brought in a subsequent state writ of habeas corpus, the Court of Criminal Appeals would consider these claims to be procedurally defaulted under Article 11.07 § 4 of the Texas Code of Criminal Procedure, which prohibits a new claim from being raised in a subsequent habeas application unless: 1) it could not have been raised in the previous application because the factual or legal basis was unavailable at the time; or 2) the claim contains sufficient facts establishing by a preponderance of the evidence that, but for a violation of the United States Constitution, no rational juror would have found petitioner guilty beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art 11.07 § 4(a) (Vernon 1999). Indeed, petitioner attempted to raise these same issues in a subsequent state writ, and the writ was dismissed by the Court of Criminal Appeals. (*See Ex parte Boyd*, No. 64,721-02; State Habeas Transcript, WR-64,721-02 at 21).

Even when petitioner's claims are considered on their merits, as permitted under 28 U.S.C. § 2254(b)(2), they fail. As noted earlier, the search of petitioner's jail cell did not violate his Fourth Amendment rights. To successfully state a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard, petitioner's trial attorney was not required to raise a meritless objection, and his appellate counsel was not required to raise a meritless point of error on appeal. *See Koch v. Puckett*, 907 F.2d

524, 526 (5th Cir. 1990) (holding that counsel is not required to make futile motions or objections). Petitioner's second and third grounds for review are without merit.

## V. EVIDENTIARY HEARING

Upon review of the petition and answer filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VI. RECOMMENDATION

The Court should **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED** on this 21st day of November, 2008.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE